UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

        Plaintiff,

v.

BRIAN WILMOTH,

        Defendant.

Case No. C18-1259-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Gabriel Eckard alleges in this action that he suffered a violation of his federal constitutional rights while he was confined at the Monroe Correctional Complex (MCC) - Special Offender Unit (SOU) in May 2018. (*See* Dkt. 6.) Plaintiff identifies a single defendant in this action, MCC Sergeant Brian Wilmoth. Plaintiff seeks declaratory and injunctive relief, and damages. Defendant Wilmoth now moves for summary judgment for failure of plaintiff to exhaust his administrative remedies. (Dkt. 12.) The Court, having reviewed defendant's motion, plaintiff's response thereto, and the balance of the record, concludes that defendant's motion for summary judgment should be granted, and that plaintiff's complaint and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

Plaintiff alleges in his complaint that on May 10, 2018, Sergeant Wilmoth violated his constitutional rights when he ordered the use of OC (oleoresin capsicum) vapor; *i.e.*, pepper spray, after plaintiff refused to follow directives to submit to a strip search. (*See* Dkt. 6 at 6-9.) Defendant argues in his motion for summary judgment that plaintiff failed to fully and timely exhaust his administrative remedies with respect to the claims set forth in his complaint, and that the claims should therefore be dismissed. (*See* Dkt. 12.)

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. If administrative remedies have not been exhausted at the time an action is brought, the action must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

Failure to exhaust administrative remedies is an affirmative defense which a defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). A defendant must produce evidence demonstrating that there was an available administrative remedy and that the prisoner did not exhaust that remedy. *Id*. at 1172. The burden then shifts to the prisoner who must show that there is something in his case that made the existing remedies effectively unavailable to him. *Id*. If undisputed evidence viewed in the

light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment. *Id*. at 1166.

The Washington Department of Corrections ("DOC") has established an Offender Grievance Program ("OGP") through which offenders may seek review of various aspects of their incarceration. (*See* Dkt. 13, ¶ 4.) For example, the OGP permits an offender to grieve: 1) DOC policies, rules, and procedures; 2) the application or lack of application of such policies, rules, and procedures; 3) the lack of policies, rules, or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation against the offender for his good faith participation in the grievance program; 7) personal safety; and 8) physical plant conditions. (*See id*.; Dkt. 13-1 at 10.)

The grievance procedure has four levels of review. (Dkt. 13, ¶ 6.) The initial level, Level 0, is the complaint or informal level. (*Id*.) At this level, the grievance coordinator receives a written complaint from an offender which identifies an issue with respect to which the offender wishes to pursue a formal grievance. (*Id*.) The grievance coordinator either pursues informal resolution, returns the complaint to the offender for rewriting or for additional information, or accepts the complaint and processes it as a formal grievance. (*Id*.)

At the first step of the formal grievance process, Level I, an offender's grievance is reviewed, and responded to, by the institution's grievance coordinator. (*See id*.) An offender who is dissatisfied with the response received from the grievance coordinator may appeal that decision to the superintendent of the institution. (*See* Dkt. 13, ¶ 6.) This is known as Level II. (*Id*.) All staff conduct grievances are initiated at this level. (*Id*.) An offender who is dissatisfied with the response received from the superintendent may appeal that decision to DOC headquarters where the grievances are reviewed. (*Id*.) This is known as Level III.

REPORT AND RECOMMENDATION
PAGE - 3

The OGP requires that grievances be filed within 20 working days of the incident that gives rise to the grievance. (*Id*., ¶ 7.) Offenders have five working days from the time they receive a response to a Level I and Level II grievance to file an appeal. (*Id*.) An offender cannot appeal a Level III decision. (*See id*.)

Dale Caldwell, the Grievance Program Manager for the DOC, has submitted a declaration in support of defendant's summary judgment motion in which he states that he reviewed plaintiff's grievance records in relation to the allegations made by plaintiff in this action and found that plaintiff submitted a grievance regarding the allegations in this lawsuit on May 13, 2018. (*See id*., ¶¶ 12-13; Dkt. 13-2 at 2.) Mr. Caldwell states that a response to the grievance was provided to plaintiff on June 18, 2018, and that plaintiff thereafter had five working days to file an appeal but failed to do so. (*Id*., ¶ 13; *Id*. at 9.) Plaintiff did eventually file an appeal on July 8, 2018, but the appeal was rejected as untimely. (*Id*.; *Id*. at 14.) According to Mr. Caldwell, plaintiff did not challenge the untimeliness finding and plaintiff is therefore not considered to have exhausted the administrative remedies available to him under the OGP. (Dkt. 13, ¶ 13.)

Plaintiff argues in his response to defendant's summary judgment motion that the statute which mandates exhaustion in prison conditions cases, 42 U.S.C. § 1997e(a), states only that "such remedies as are available have been exhausted," and contains no express requirement that such exhaustion be timely or complete. (Dkt. 16 at 1-2.) Plaintiff maintains that once the five days to file an appeal expired, he no longer had any remedies available to him and, thus, he had effectively exhausted his available administrative remedies at that point. (*Id*. at 2.) Plaintiff also argues that it would have served no purpose for him to challenge the rejection of his appeal on timeliness grounds, or to ask for an extension of time, because under the rules of the OGP a prisoner may not ask for an extension of time. (*Id*. at 3.)

REPORT AND RECOMMENDATION
PAGE - 4

Plaintiff, in making his argument, overlooks the fact that the Supreme Court has construed § 1997e(a) as requiring not just exhaustion, but *proper* exhaustion. *See Woodford*, 548 U.S. at 93-94. As the Supreme Court explained in *Woodford*, requiring proper exhaustion "gives prisoners an effective incentive to make *full* use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id*. at 94 (emphasis added). The record makes clear that plaintiff did not make full use of the prison grievance process. For reasons plaintiff makes no effort to explain, he did not timely pursue an appeal of the denial of his grievance and, thus, he failed to properly exhaust his available administrative remedies relating to the claims asserted in this action. Accordingly, plaintiff's complaint and this action must be dismissed, under 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, this Court recommends that defendant's motion for summary judgment be granted and that plaintiff's complaint and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration

/ / /

/ / /

/ / /

by the District Judge on **January 25, 2019**.

DATED this 2nd day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6